UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD BISSAU MENDY**<br><br>    **Plaintiff**<br><br>                -versus-<br><br>**PENNSYLVANIA STATE ATHLETIC COMMISSION**<br>**GREGORY SIRB,**<br>**MARTHA BROWN, and**<br>**DOES 1 TO 10**<br><br>    **Defendants** | CIVIL ACTION<br><br>CASE NO.: 1:23-cv-01128-SES<br><br>DIVISION:<br><br>MAGISTRATE: _____<br><br>**SECOND AMENDED PETITION FOR DAMAGES, and JURY DAMAND** |

**.................................................................................**

## PETITION FOR DAMAGES and JURY DEMAND

NOW INTO COURT, in proper person, comes Plaintiff EDWARD BISSAU MENDY, and upon suggesting to this honorable court that Plaintiff wishes to bring a Complaint, Petition for Damages and Jury Demand against the named Defendants, and various of their unknown co-conspirators involved in a scheme to frustrate Plaintiff's efforts to establish a new boxing series in the Harrisburg Hershey Area, respectfully avers as follows:

### JURISDICTION

1. This Court has personal jurisdiction over the Defendants because all of the Defendants reside in this District, have transacted business in this District, and because the Defendants have committed acts proscribed by the law in this District.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States.

1

3. Pursuant to 28 U.S.C. § 1367 and 31 U.S.C. § 3732(b), this Court has supplemental jurisdiction over the subject matter of the state claims asserted by the Plaintiffs in this action because those claims are so related to the claims asserted by Plaintiffs under federal law and they form part of the same case or controversy, and because those claims arise out of the same transactions or occurrences as the federal question claims.

4. Jurisdiction of this Court is also appropriate based upon federal pursuant to 28 U.S.C. Sections 1331.

5. Original Jurisdiction of this matter is conferred upon the Court by 28 U.S.C. Section 1331. Supplemental jurisdiction over State law claims is conferred upon this Court by 28 U.S.C. Section 1367.

6. Venue is proper within this jurisdiction pursuant to 28 U. S. C. Section 1391(b) because the claims stated herein, and the unlawful practices complained of herein occurred within the Middle District of Pennsylvania.

5. Plaintiff is informed and believe, and based thereon allege, that at all relevant times, the Defendants engaged in certain wrongful acts alleged below in the Middle District of Pennsylvania and engaged in other unlawful acts outside this District which caused injury to Plaintiff in this District.

6. Further, on information and belief, all of the named defendants live within the Middle District of Pennsylvania. Accordingly, venue properly lies in this District.

**PARTIES**

7. Plaintiff herein (hereinafter also referred to as "Plaintiff") is EDWARD BISSAU MENDY (hereinafter also referred to "Mendy"), a natural person of the full age of majority, and

having his principal place of residence in Morris County, State of New Jersey. At all times relevant, Mendy was and is a citizen of the State of New Jersey.

8. Made Defendants herein (hereinafter also collectively referred to as "Defendants") are the following:

A. PENNSYLVANIA STATE ATHLETIC COMMISSION (hereinafter also referred to the "PSAC"), on belief an information a division of the Pennsylvania Department of State, having its principal place of business and offices in Middle District of Pennsylvania, State of Pennsylvania. At all relevant times. On information and belief, the PSAC had Sirb as its Executive Director.

B. GREGORY SIRB (hereinafter also referred to "Sirb"), on information and belief is a person of the full age of majority and a resident of this district. At all times relevant, Sirb was and is the executive director of the Pennsylvania Athletic Commission and a state actor. On belief and information, Sirb is a citizen of the State of Pennsylvania and resident in the Middle District of Pennsylvania. Sirb is sued in his official capacity as Executive Director of the Pennsylvania State Athletic Commission and in his individual capacity as part or all of his actions in this matter were ultra vires and not authorized by the PSAC or were done under color of authority of state law.

C. MARTHA BROWN (hereinafter also referred to as "Brown"), on information and belief is a person of the full age of majority and a resident of this district. At all times relevant, Brown was and is the legal counsel for the Pennsylvania Athletic Commission and a state actor. On belief and information, Brown is a citizen of the State of Pennsylvania and resident in the Middle District of Pennsylvania. Brown is sued in her official capacity as Legal Counsel of the Pennsylvania State Athletic Commission and in her individual capacity as part or all of her actions in this matter were ultra vires and not authorized by the PSAC and/or were done under color of authority of state law.

D. Does 1 through 20, the true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as Does 1 through 20 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Does 1 through 20 include various entities and persons that were giving directions to Sirb and Brown and they may be in a conspiracy with them to suppress Clash in the Burg and other deprive Plaintiff of his rights.

## GENERAL ALLEGATIONS

9. "*Clash In The Burg*" is the new boxing series promoted by Plaintiff Mendy and his company Lion Heart Boxing Productions, Ltd. in association with Travel Champs.
10. The mission and vision of Mendy was to have *Clash In the Burg* enter the vibrant Pennsylvania boxing and sports entertainment market as a monthly live professional boxing series to be held on the first Thursday of the month at various venues in the Harrisburg-Hersey Area of Pennsylvania, commencing with the *Genesis* event on July 6, 2023 at the Forum Auditorium in Harrisburg, PA (hereinafter also referred to as the "Event".)
11. To frustrate the stated intent Sirb, Brown and others they were acting in concert with first tried to limit Mendy's license by taking the unusual step of converting a license issued last year into a provisional one and restricting to scheduling one event at a time.
12. The Genesis episode of *Clash In the Burg* is supposed to be held today, July 6, 2023, at the beautiful and historic Forum Auditorium in Harrisburg, PA but was canceled on July 5, 2023, without good cause.

13. The was supposed to feature a mouth-watering main clash between the 6'6" Latin Heavyweight Sensation and heavyweight prospect Martin Paredes (6-0) and against the dream killer Jamal Wood (29-59-12) as well as other bouts.

14. Tickets were reasonably priced at $100.00 for Ringside (Level 100) seats, $60.00 for Reserved (Level 200) seating and $40.00 for General Admission (Level 300) and could be purchased at the venue, online at www.universe.com and at all Ticketmaster locations.

15. In addition to tickets being sold to the public at a brisk pace, Plaintiff Mendy decided to give away 500 free tickets to honor Servicemen and Servicewomen for their services using discount code "Freedom" in recognition of the July 4, 2023 holiday.

16. Sirb, Brown and Does 1through 10 conspired with each other and others and caused the Event to be cancelled.

17. The cancellation was done in part because of Sirb's personal vendetta against Mendy, evidenced by his incessant spread of misinformation about Mendy as well as his constant propagation of FUD (fear uncertainty and doubt) about Mendy, Mendy's companies and Mendy's events including the cancelled Clash In the Burg Genesis.

18. Sirb's history with Mendy spanned decades and despite his seeming attempts to be professional, private communication with Mendy was generally intimidating.

19. As a result of Sirb's actions, not only has the Clash in the Burg series been frustrated but also Mendy has lost several business opportunities in the past, including the opportunity to promote events at least two casinos.

20. Further, many event requests presented to Sirb by Mendy have been denied in contravention of standard PSAC practices, affecting both his credibility and relationships with broadcast and venue partners as well as fighters.

## COUNT 1
## VIOLATION OF 42 U.S.C. § 1983
### (Against all Defendants)

21. The first count of this action seeks money damages because of Sirb's and Brown's participation in private party wrongful deprivation of Plaintiff's rights and property.

22. Plaintiff alleges that the Defendants Sirb and Brown and various employees of the PSAC are currently unknown Plaintiffs (Plaintiffs refer to these unknown actors as Does 1 through 20) acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

23. This Court has jurisdiction over Plaintiffs' Section 1983 federal claim under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiffs' state law claims, any which are based on state law, under 28 U.S.C. § 1367.

24. Venue in the United States District Court for the Middle District of Southern Pennsylvania is proper pursuant to 28 U.S.C. § 1391 as a result of this Section 1983 claim and the other federal question claims below. .

25. On or about July 5, 2023, Sirb conspired with Brown, and/or various members of the PSAC and Does 1 through 20 and cancelled the inaugural episode of Clash In the Burg.

26. On belief and information Sirb, acted in concert with competitors of Plaintiff as well as the Association of Boxing Commissioners and its members in the wrongful deprivation of Plaintiff's Property.

27. On belief and information, at all times relevant Defendant Gregory Sirb was an employee of the PSAC and he acted both on his own and at the direction of the PSAC and in concert with the other Defendants and certain unknown individuals.

28. On belief and information, at all times relevant Defendant Brown was an attorney and agent of Defendants Gregory Sirb and Pennsylvania State Athletic Commission. At all times mentioned herein, Brown acted both on his own and at the direction of Gregory Sirb and Defendant Pennsylvania State Athletic Commission and in concert with the other Defendants.

29. At all times relevant hereto Defendants Sirb and Brown acted in concert with the other Defendants and under color of state law.

30. Defendants Sirb and Brown are sued both in their official and individual capacity.

31. The complaint will be amended to list the name of each PSAC employees as well as the other Does 1 though 20 involved in this matter.

32. On July 5, 2023 Sirb called and sent Mendy an email intentional confusing giving him until July 6, 2023 to make additional bout for the July 6, 2023 Clash In the Burg Event.

33. Further, refused to attend the weigh-in scheduled at Five Stones Gym on July 5, 2023, causing Mendy to have to rush there to engage in damage control as well as spend time in diverting fighters and their teams as well as members of the public to the PSAC offices.

34. At the PSAC offices, Sirb was unprepared, had the wrong matchup, had the wrong bout sheets, and apparently did not review any of the information sent to him by Mendy.

35. Further, he had not even contacted Mendy about bouts that were approved or disapproved or given him an update of the status of medicals submitted.

36. However, he has one goal in mind: the cancellation of the Event. Sirb was telling fighters and anyone who would listen that the Event was being cancelled even before he had a chance to talk to Mendy about the bout sheet and Event status.

37. He refused to approve ANY bout for Christopher Lovejoy unless it was one that would result in his defeat.

38. He also refused to intervene to on the Nate Bueno issue. Boxer Nate Bueno signed a contract to fight for Plaintiff, agreed to change the fight date to July 6, 2023, receive $500.00 (half his purse) and decided to "blow off" plaintiff, which cause Plaintiff to lose a much needed bout..

39. Further, Sirb refused to approve numerous approvable bouts.

40. As a result of Sirb's action, as well as several fighters pulling out, the Event had only three fights approved.

41. Despite the approval of three fights, Sirb cancelled the Event, when the PSAC established policies as well as practices routinely allowed events with three fights to proceed.

42. When Mendy pointed out the confusing nature of the emailed he had and the rescheduling of the Weigh-In of the Event to July 6, 2023 at 10:00 A.M., Sirb walked out on Mendy and public declare the Event cancelled with any attempt to resolve anything.

43. Efforts to get the Brown and the PSAC to intervene in order to avoid a cancellation of the Event were unsuccessful.

44. Defendants would not take plaintiffs calls, respond to texts, or even give him the courtesy of a response to emails.

45. None of the Defendants afforded Plaintiff an opportunity to be heard prior to depriving him of his rights or cancelling the Event.

46. On belief and information, Sirb convened a meeting od PSAC lawyers, "six lawyers" per him to get them to rubber stamp his intentions and cancellation of the Event. On belief and

information, Sirb lied about the status of bouts and compliance to get the back of these lawyers and Brown.

47. The cancellation of the Event was unreasonable.

48. All of Sirb's action were under color of state law and intended to set things up so that the Event could be canceled without any seeming blame to himself.

49. Equally unreasonable is the failure of Sirb to act on Plaintiff's complaints against several fighters, including Benjamin Lamptey and Nate Bueno.

50. As a proximate result of Defendants' actions, Plaintiff has been deprived of his property, deprived of his rights, and has suffered loss of property, extreme embarrassment, shame, anxiety, and mental distress.

51. Defendants at all times relevant to this action were acting under color of state law and using the state law to oppress Plaintiff and suppress his rise..

52. Defendants unlawfully deprived Plaintiff of his rights without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

53. PSAC failed to adopt clear policies and failed to properly train its Executive Director and legal counsel as to the proper role of officers and in disputes with fighter such as Plaintiff experienced at all times relevant the instant matter.

54. PSAC failed to adopt clear policies and failed to properly train its Executive Director and legal counsel as to the proper role of officers and in the cancellation of fights and resolution of case of mutual mistake or disagreement with promoters  such as was the case with Plaintiff.

55. Defendant PSAC's policies or custom, and its failure to adopt clear policies and failure to properly train its employees, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiffs.

56. Defendants' actions have caused Plaintiffs significant damages.

57. As result of the Defendants' actions, Plaintiffs are entitled to damages as may be proven at trial.

58. Plaintiff is also entitled to other remedial action as this court me deem appropriate.

**COUNT 2**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(Against Sirb, Brown and the PSAC Only)**

59. Defendant Sirb owed Mendy a duty of good faith and fair dealing by virtue of his position as Executive Director of the PSAC.

60. Sirb has breach that duty.

61. Part of that breach including failing to prosecute complaints filed by Mendy yet still aggressive pursuing complaints against Mendy.

62. Additionally, Defendants have refused to approve bouts for Mendy that they would have approved for other promoters such as Marshall Kaufman.

63. Specifically, Sirb refused to approve bouts for Christopher Lovejoy that he would have approved for another fighter of his ability and with his rating and record.

64. Sirb refused to advise Mendy of the need to submit various fighters, including but not limited to Marcelo DaSilva and Fabio Maldonado, to a medical panel until it was too late despite the names being provided to him at least four weeks in advance..

65. Defendants' breach duty has caused Mendy damages, which damages are not yet fully ascertained by will be as established at trial.

## COUNT 3
## LIBEL AND SLANDER
**(Against all Sirb and Does 1 though 10)**

66. Sirb and others he was acting in concert with published various false statements about Mendy, the Event, the Clash In The Burg Series and Mendy's company.

67. Among other things, Sirb informed fighters that the Event was "shaky" and not happening caused numerous fighters including Joe Jones to withdraw.

68. These and various other false statements by Sirb and Does 1though 20 have resulted in the loss of numerous fights and caused Mendy damages.

69. As result, the Plaintiff should be awarded resulting damages to be fully proved at the time of trial.

70. Damages the plaintiff is entitled may include statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

## COUNT 4
## CONSPIRACY TO SPREAD FUD and CANCEL EVENT
**(Against Sirb and Does 1 though 10 Only)**

71. The allegations of the general allegations are incorporated herein by reference.

72. Sirb, Does 1 through 20 conspired with each other, and with others, on belief including competitors of Plaintiff as well as members of the ABC, to spread fear, doubt, and uncertainty around the Clash in The Burg series, the July 6, 2023 Event, and the Plaintiff.

73. Further, Sirb, Does 1 though 10 conspired with each other, and with others, on belief including competitors of Plaintiff as well as members of the ABC, to do everything they could to sabotage the Clash in The Burg series, the July 6, 2023 Event, and the Plaintiff.

11

74. On belief and information, Sirb intentionally wore an ABC shirt at his meeting with Mendy in order to drive the point in and send Plaintiff the message that it was futile going against the ABC and the others he was suing in the case he had pending in this district.

75. As a result of the FUD spread by Defendants, Plaintiff has lost numerous bouts.

76. Also, as result of the conspiracy, the inaugural event of Clash In The Burg got cancelled and Mendy has expended both money and a significant about of time without anything to show for his effort.

77. On belief and information, Sirb conspired with other competitors of Plaintiff to have his fighters poached and the July 6, 2023 Event cancelled.

78. This conspiracy has caused Mendy damages.

79. Damages are not fully ascertained but will as proven at trial.

        Respectfully Submitted

        EDWARD MENDY

        */s/ Edward Mendy*

        EDWARD MENDY, In Proper Person
        11 Eric Drive
        Kinnelon, NJ 070405
        (504) 339-4782
        ebmendy@me.com

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD BISSAU MENDY<br><br>Plaintiff<br><br>-versus-<br><br>PENNSYLVANIA STATE ATHLETIC COMMISSION<br>GREGORY SIRB,<br>MARTHA BROWN, and<br>DOES 1 TO 10<br><br>Defendants | CIVIL ACTION<br><br>CASE NO.:<br><br>DIVISION:<br><br>MAGISTRATE: _____<br><br>**COMPLAINT, PETITION FOR DAMAGES, and JURY DAMAND** |

## CERTIFICATION

I, **EDWARD MENDY,** hereby certify under penalty the following:

1. I am a person of the full age of majority.

2. I am the plaintiff in the above matter.

3. I am familiar with the facts and circumstances that relate to this matter.

4. The allegation in the Complaint, Petition for Damages and Jury Demand are true to the best of my knowledge.

_____
EDWARD MENDY